**No. 25-11114**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ISAAC A., by and through next friend, A.A.; ZACK B., by and through next friend, B.B.; LEON C., by and through next friend, C.C.; SAMUEL D., by and through next friend, D.D., on behalf of themselves and those similarly situated; and THE GEORGIA ADVOCACY OFFICE,

*Plaintiffs-Appellees*,

vs.

DEAN BURKE, M.D., [1] in his official capacity as Commissioner of the Georgia Department of Community Health; KEVIN TANNER, in his official capacity as Commissioner of the Georgia Department of Behavioral Health and Developmental Disabilities; and CANDICE L. BROCE, in her official capacity as Commissioner of the Georgia Department of Human Services,

*Defendants-Appellants*.

---

On appeal from the United States District Court
for the Northern District of Georgia, No. 1:24-cv-00037 (Totenberg, J.)

---

**BRIEF OF PLAINTIFFS-APPELLEES**

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Dean Burke, M.D., who succeeded Russel Carlson as Commissioner of the Georgia Department of Community Health on August 1, 2025, "is automatically substituted as a party." Quotations from the district court order on appeal have been modified for purposes of clarity, and all such modifications are denoted in brackets.

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellees certify that the following parties have an interest in the outcome of this appeal:

1. A., Isaac, by and through next friend, A.A. (pseudonymous), *Child-Appellee*

2. B., Zack, by and through next friend, B.B. (pseudonymous), *Child-Appellee*

3. Bernstein, C'Zar, *Counsel for Defendants-Appellants*

4. Bogan, James F. III, *Counsel for Children-Appellees*

5. Broce, Candice L., *Defendant-Appellant*

6. Burke, Dean, M.D., *Defendant-Appellant*

7. C., Leon, by and through next friend, C.C. (pseudonymous), *Child-Appellee*

8. Caldas, Tamara S., *Counsel for Children-Appellees*

9. Carr, Christopher M., *Counsel for Defendants-Appellants*

10. Center for Public Representation, *Law Firm representing Children-Appellees*

11. Chang, Frank H., *Counsel for Defendants-Appellants*

12. Consovoy McCarthy PLLC, *Law firm representing Defendants-Appellants*

13. Costanzo, Cathy E., *Counsel for Children-Appellees*

14. D., Samuel, by and through next friend, D.D. (pseudonymous), *Child-Appellee*

15. Duane Morris LLP, *Law firm representing Children-Appellees*

16. Ederle, Kathryn C., *Counsel for Children-Appellees*

17. Floyd, Michele, *Counsel for Children-Appellees*

18. Gadd, M. Geron, *Counsel for Children-Appellees*

19. Geiger, Soren, *Counsel for Defendants-Appellants*

20. Georgia Advocacy Office, The, *Organizational Appellee and law firm representing Children-Appellees*

21. Georgia Department of Law, *Office of Georgia Attorney General representing Defendants-Appellants*

22. Holloway, D. Clay, *Counsel for Children-Appellees*

23. Igram, Mona, *Counsel for Children-Appellees*

24. Kilpatrick Townsend & Stockton LLP, *Law firm representing Children-Appellees*

25. Lewis, Kimberly, *Counsel for Children-Appellees*

26. Lurey, Alfred S., *Counsel for Children-Appellees*

27. National Health Law Program, *Law firm representing Children-Appellees*

28. Orland, Devon, *Counsel for Children-Appellees*

29. Perkins, Jane, *Counsel for Children-Appellees*

30. Petrany, Stephen, J., *Counsel for Defendants-Appellants*

31. Rucker, Kathryn, L., *Counsel for Children-Appellees*

32. Strawbridge, Patrick, *Counsel for Defendants-Appellants*

33. Tanner, Kevin, *Defendant-Appellant*

34. Totenberg, Amy, United States District Judge (N.D. Ga.)

35. United States of America, *Interested Party*

36. U.S. Attorney for the Northern District of Georgia, *Federal Agency representing Interested Party (United States)*

37. U.S. Department of Justice, Civil Rights Division, *Federal Agency representing Interested Party (United States)* [2]

38. Van Keuren, Zeke, *Counsel for Children-Appellees*

39. Webb, Bryan K., *Counsel for Defendants-Appellants*

Dated: August 13, 2026

/s/ M. Geron Gadd
M. Geron Gadd

[2] The United States filed a Statement of Interest below. Counsel then appearing for the United States are no longer with the Department of Justice and have been removed from this certificate. Any successors are currently unknown to Children-Appellees.

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiffs-Appellees, Isaac A., Zack B., Leon C., Samuel D., and the Georgia Advocacy Office, submit that oral argument is unnecessary and respectfully request that this appeal be decided on the papers without oral argument-related delay. Sovereign immunity is the only issue properly before the Court and it is straightforward.

## TABLE OF CONTENTS

Statement Regarding Oral Argument ........................................................... i

Introduction ........................................................................................1

Jurisdictional Statement ........................................................................5

Statement of the Issues ..........................................................................6

Statement of the Case ............................................................................6

I. Procedural Posture ..........................................................................6

II. Statement of the Facts ....................................................................7

Summary of Argument ...........................................................................8

Argument ............................................................................................10

I. The *Ex parte Young* Exception to Sovereign Immunity Permits the Children's Claims for Prospective Injunctive Relief Under the Medicaid Act and the ADA. ..........................................................10

A. The Complaint satisfies the established *Ex parte Young* standard. ............................................................................11

B. Defendants' contention that they lack enforcement authority concerns the merits of the Children's claims not their jurisdictional connection to the challenged conduct. .......12

II. Because *Ex parte Young* Permits the Children's ADA Claims for Prospective Injunctive Relief, the Court Need Not Decide Whether Congress Abrogated Sovereign Immunity Under Title II of the ADA. ......................................................................17

III. No Issue Concerning the Children's Standing Is Properly Before the Court in this Interlocutory Appeal. ................................20

IV. The Court Lacks Pendent Jurisdiction Over Defendants' Rule 12(b)(6) Challenges Because They Are Neither Necessary to Resolve the Immunity Question Nor Inextricably Intertwined with It. ..................................................................................22

Conclusion ........................................................................................................27

Certificate of Compliance .............................................................................29

Certificate of Service ...................................................................................29

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguirre v. Seminole Cnty.*,
158 F.4th 1276 (11th Cir. 2025) ....................21

*Akanthos Cap. Mgmt., LLC v. CompuCredit Holdings Corp.*,
677 F.3d 1286 (11th Cir. 2012) ....................26

*Antrican v. Odom*,
290 F.3d 178 (4th Cir. 2002) ....................11

*Babcock v. Michigan*,
812 F.3d 531, 541 (6th Cir. 2016) ....................19

*Curling v. Sec'y of Georgia*,
761 F. App'x. 927 (11th Cir. 2019) ....................21

*Dean Witter Reynolds, Inc. v. Fernandez*,
741 F.2d 355 (11th Cir. 1984) ....................18

*Doe 1-13 ex rel. Doe, Sr. 1-13 v. Chiles*,
136 F.3d 709 (11th Cir. 1998) ....................11

*Ex parte Young*,
209 U.S. 123 (1908).. 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 23, 27

*Freyre v. Chronister*,
910 F.3d 1371 (11th Cir. 2018) ....................5, 21, 22

*GEO Grp, Inc. v. Menocal*,
607 U.S. 438 (2026)....................4, 22

*Rosie D. ex rel. John D. v. Swift*,
310 F.3d 230 (1st Cir. 2002)....................12

*Jones v. Fransen*,
857 F.3d 843 (11th Cir. 2017) ....................22

*M.H. ex rel. Lynah v. Comm'r of Ga. Dep't of Cmty. Health*,
111 F.4th 1301 (11th Cir. 2024) (Pryor, J.) ........................................10, 15

*Miller v. King*,
384 F.3d 1248 (11th Cir. 2004), *vacated and superseded on other grounds*, 449 F.3d 1149 (11th Cir. 2006) ........................................12, 18

*Moniz v. City of Fort Lauderdale*,
145 F.3d 1278 (11th Cir. 1998) ........................................5

*Moore ex rel. Moore v. Reese*,
637 F.3d 1220 (11th Cir. 2011) ........................................11, 15

*Nat'l Ass'n of the Deaf v. Florida*,
980 F.3d 763 (11th Cir. 2020) ........................................18

*Olmstead v. L.C. ex rel. Zimring*,
527 U.S. 581 (1999)........................................26, 27

*Summit Med. Assocs, P.C. v. Pryor*,
180 F.3d 1326 (11th Cir. 1999) ........................................5, 21, 22

*McCarthy ex rel. Travis v. Hawkins*,
381 F.3d 407 (5th Cir. 2004) ........................................12, 18

*United States v. Florida*,
172 F.4th at 1229-1236........................................25, 26, 27

*United States v. Florida*,
No. 23-12331, Dkt. No. 84 ........................................25

*United States v. Mississippi*,
82 F.4th 837 (5th Cir. 2023) ........................................25

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*,
535 U.S. 635 (2002)........................................17, 18

*Women's Emergency Network v. Bush*,
323 F.3d 937 (11th Cir. 2003) ........................................13

*Yelapi v. DeSantis*,
525 F. Supp. 3d 1371 (N.D. Fla. 2021) ........................................18

*Yelapi v. DeSantis*,
No. 4:20-cv-351-AW-MAF, 2023 WL 6389652 (N.D. Fla. Aug. 25, 2023), *appeal dismissed*, No. 23-13103-CC, 2024 WL 1235396 (11th Cir. Feb. 12, 2024)....................18

**Statutes**

42 U.S.C. § 1983 .................... *passim*[3]

29 U.S.C. § 794(a) .................... *passim*

42 U.S.C. § 1396 .................... *passim*

42 U.S.C. § 12101 .................... *passim*

42 U.S.C. § 12131-12134 .................... *passim*

**Rules & Regulations**

Fed. R. Civ. P. 12(b)(6).................... 20, 22, 27

[3] The Children's Medicaid Act claims are asserted through this statute. This statute, like the Medicaid Act, Americans with Disabilities Act, and Rehabilitation Act listed immediately below, is referenced throughout but not cited due to the nature of the issues addressed.

## INTRODUCTION

The sole issue before the Court is whether the district court correctly applied the *Ex parte Young* exception to sovereign immunity to the claims of Plaintiffs-Appellees, Isaac A., Zack B., Leon C., Samuel D. and the Georgia Advocacy Office (GAO) (collectively, "the Children"), for prospective injunctive relief from Defendants-Appellants' ("Defendants") alleged ongoing violations of the Medicaid Act and Americans with Disabilities Act (ADA). This narrow question is immediately appealable under the collateral order doctrine. But the collateral order doctrine does not authorize plenary review of issues beyond those necessary to resolve the immunity question.

Defendants identify no fatal error in the district court's *Ex parte Young* analysis. Instead, Defendants offer a series of expansive arguments that disregard the allegations in the Complaint, the district court's reasoning, and settled law governing this appeal. Defendants then seek to expand the scope of this interlocutory appeal to encompass standing, the sufficiency of the Children's claims, and factual defenses that must be litigated in the district court. The collateral order doctrine bars that expansion, and Defendants' invocation of pendent jurisdiction cannot alter the valid scope of this appeal.

First, Defendants discount the district court's consideration of the Children's Medicaid allegations that the Remedial Services are medically necessary and its

conclusion that the need for these services to correct or ameliorate the Children's condition is adequately pleaded. *See* Compl. ¶¶ 24-33, 36-37, 39-43, 47, 49-50, 52-54, 57, 59, 61-64; Order 28-31, 61-66, 70 n.24.[4] Defendants' novel assertion that they lack the authority to determine which services are medically necessary contravenes their duties under the Medicaid Act. Too, it mischaracterizes the Children's claims and their requested relief, which would simply require Defendants to fulfill their systemic responsibilities to make medically necessary services available, not to prescribe individual treatment. The Children's health care providers have already done that. *See, e.g.*, Compl. ¶¶ 27, 28, 30, 39-41, 49-50, 52-53, 61-63. Defendants may test the Children's medical necessity allegations in discovery and challenge them on summary judgment or at trial, but they may not ignore or mischaracterize them here to evade the *Ex parte Young* doctrine. *Cf.* Order 31 ("During discovery, the parties will have the opportunity to develop evidence regarding the role and impact of doctors' medical determinations on Plaintiffs' receiving Remedial Services.").

[4] In this brief, "D.C. Dkt." citations refer to district court docket entries. "Dkt." citations refer to appellate docket entries. "Compl." refers to the Children's Complaint. Complaint-Class Action (Jan. 3, 2024), D.C. Dkt. No. 1. "Order" refers to the district court's denial of Defendants' dismissal motion. Op. and Order (Mar. 25, 2025), D.C. Dkt. No. 47. "Appellants' Br." refers to the Corrected Opening Brief of Defendants-Appellants (June 12, 2025), Dkt. No. 41.

Second, Defendants disregard the fact that the Children do not seek damages and nonetheless urge the Court to take up the constitutional question of abrogation of immunity under the ADA. Appellants' Br. 17-29, 35. However, the Children seek only prospective *injunctive* relief. *See* Compl. ¶¶ 6, 11-17, 19, 21, 203, 205, 208, 217, 224, 232, 238-39; Order 5-6, 10, 16-17. Because the district court correctly applied *Ex parte Young*'s independent exception to sovereign immunity, an abrogation analysis is neither necessary nor appropriate.

Third, Defendants attempt to use their mischaracterization of the Children's systemic Medicaid allegations to obtain review of standing and the sufficiency of their Medicaid claims, by simply claiming they are "inextricably intertwined" and subject to pendent jurisdiction. *See* Appellants' Br. 3, 37-46. But Defendants cannot create pendent jurisdiction merely by relying on the same factual argument to challenge multiple aspects of the Children's claims. *Cf.* Appellants' Resp. to Jurisdictional Question 11 (May 6, 2025), Dkt. No. 32 (conceding Defendants' "Eleventh Amendment immunity issue" and standing arguments "are one and the same."). Nor does Defendants' desire to challenge the sufficiency of the Children's ADA claims justify an abrogation inquiry that the Court need not undertake to resolve the immunity question before it. Appellants' Br. 17-29, 46. Defendants' sufficiency challenge to the Children's Rehabilitation Act claims here is most

egregious—Defendants seek dismissal of this claim even though they concede that they are not immune, so it implicates neither *Ex parte Young* nor ADA abrogation.

Finally, Defendants raise substantive issues, factual claims, and novel legal arguments that concern the merits of this dispute or were neither presented to nor developed before the district court. *See* Appellants' Br. 24-25; *see also* Order 1-2, 18 n.12. Those issues are not properly before the Court in this interlocutory appeal. *See* Order 31 (parties can develop relationship between medical recommendations and service receipt but allegations that injunctive relief likely would "redress their injuries in whole or in part" were adequate). Likewise, Defendants may not use this appeal to litigate factual defenses concerning whether the requested Remedial Services constitute a reasonable modification or fundamental alteration. *See* Appellants' Br. 19-23; Order 77-78, 87-90; *GEO Grp, Inc. v. Menocal*, 607 U.S. 438, 444 (2026) (distinguishing immunity from liability under collateral order doctrine), *vacating judgment following remand by* No. 22-1409, 2026 WL 898347 (10th Cir. Mar. 30, 2026).

Because the *Ex parte Young* doctrine applies to the Children's Medicaid Act and ADA claims, this Court should affirm the denial of Defendants' dismissal motion and remand this action for further proceedings.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction to review the district court's application of *Ex parte Young*, 209 U.S. 123 (1980), to the Children's claims against Defendants for prospective injunctive relief under the Medicaid Act and the ADA.

The Court lacks pendent jurisdiction to review the Children's standing to assert Medicaid Act, ADA, and Rehabilitation Act claims. *See, e.g.*, *Freyre v. Chronister*, 910 F.3d 1371, 1379 (11th Cir. 2018); *Summit Med. Assocs, P.C. v. Pryor*, 180 F.3d 1326 (11th Cir. 1999). The issue of standing can be effectively reviewed on appeal from final judgment; it is not, therefore, within the scope of the collateral order doctrine. Moreover, standing is not inextricably intertwined with sovereign immunity.

The Court also lacks pendent jurisdiction to review the sufficiency of the Children's Medicaid Act, ADA, and Rehabilitation Act claims. The sufficiency of the Children's claims need not be decided to resolve the application of *Ex parte Young*; nor is the sufficiency of the Complaint's factual allegations inextricably intertwined with the question of sovereign immunity properly before the Court. *See, e.g.*, *Freyre*, 910 F.3d at 1379; *Moniz v. City of Fort Lauderdale*, 145 F.3d 1278, 1281 n.3 (11th Cir. 1998).

## STATEMENT OF THE ISSUES

I. Whether the district court properly applied the *Ex parte Young* exception to Plaintiffs' claims for prospective injunctive relief under the Medicaid Act and the ADA.

II. Whether all other issues asserted by Defendants are properly before this Court given the limited scope of appeal under the collateral order doctrine.

## STATEMENT OF THE CASE

### I. Procedural Posture

Four Medicaid-enrolled children who experience serious emotional disturbance (SED), through their next friends, and GAO, Georgia's Protection and Advocacy System, filed this action on January 2, 2024. D.C. Dkt. No. 1. The state official Defendants filed a Motion to Dismiss the Complaint in its entirety on March 4, 2024. D.C. Dkt. No. 32. The district court denied that motion on March 25, 2025. D.C. Dkt. No. 47. Defendants noticed their appeal of the district court's order on April 2, 2025, resulting in a stay of proceedings in the district court. Dkt. No. 48; Dkt. Entry Apr. 14, 2025 (granting Defendants' stay motion). This Court issued a jurisdictional question which was fully briefed on May 6, 2025. Dkt. Nos. 21, 31, 32. The Court issued an order carrying the jurisdictional question with the case on July 14, 2026. Dkt. No. 49.

## II. Statement of the Facts[5]

The Children filed this putative class action, nearly three years ago, to address the consistent and ongoing failure of Defendants to ensure that children who experience SED receive medically necessary behavioral health services, resulting in the deterioration of their behavioral health condition, crises, frequent and prolonged institutionalization, and relinquishment to state custody. Compl. ¶¶ 2, 27-29, 38-39, 41, 51-52, 54, 59 61, 63, 145, 183.

The Children seek three intensive behavioral health services, the Remedial Services, delivered through the Medicaid program administered by the Department of Community Health (DCH) Commissioner. *See* Compl. ¶¶ 1, 3, 6-7, 11-13, 15-16, 65, 71-73, 115-18, 134, 145-81, 198, 214-17; Order 5, 26.

The Children also seek reasonable modifications of the public programs and behavioral health service systems administered by Defendants DCH Commissioner, Department of Behavioral Health and Developmental Disabilities Commissioner, and Department of Human Services Commissioner and Division of Family and Children Services Director, to ensure that those programs make the Remedial Services available to eligible children in the community rather than supporting their

---

[5] Defendants' *Statement of the Case* contains several distortions of the Complaint's factual allegations and claims that were rejected by the district court. *See* Appellants' Br. 4, 6, 7-8; *but see* Order 18 n.12, 31, 88-89; *cf.* 11th Cir. R. 28-1(h). The Children address these misstatements in substantive argument below.

unnecessary placement in institutional settings, as the ADA and Rehabilitation Act require. *See* Compl. ¶¶ 107, 188, 223; Order 5-6, 26 (Defendants' role and relevant responsibility).

## SUMMARY OF ARGUMENT

The Court should affirm the district court's decision and remand for further proceedings on the merits. Defendants present a wide range of issues inappropriate for decision at this stage. In doing so, Defendants disregard or mischaracterize prevailing law. The Court is *not* presented here with a plenary appeal of all issues that may someday be, but are *not* currently, ripe for appellate review. Instead, the sole issue legitimately before the Court is narrow, straightforward, and governed by settled authority. Nothing in the legion of binding and persuasive authorities applied by the district court, or cited by the Parties here, authorizes plenary review of issues unnecessary for resolution of sovereign immunity, not decided below, or correctly decided below as legally and factually discrete questions to be developed on the merits and reviewable at a later stage in the litigation.

I. The *Ex parte Young* exception to sovereign immunity permits the Children's claims against state officials, in their official capacity, for prospective injunctive relief from allegedly ongoing violations of the Medicaid Act and the ADA. Defendants' statutory authority to direct and administer the state agencies through which medically necessary services are developed, authorized, and delivered

furnishes the requisite "connection with enforcement" for *Ex parte Young* to apply. Although Defendants may not choose to make individual medical necessity or placement decisions, they do not deny their responsibility to oversee, review, approve, or deny these decisions, as well as their authority to direct the agencies that administer the systems that cause the alleged violations. Whether and to what extent the relevant state systems will be held legally responsible for the alleged injuries is a merits issue not material to immunity.

II. ADA abrogation of Defendants' sovereign immunity was not, and need not have been, decided below and this Court should not reach it. *Ex parte Young* furnishes an independent and sufficient exception to immunity that permits the Children's ADA claims to proceed. Because the Court need not decide abrogation, it should not reach Defendants' challenge to the sufficiency of the ADA claims.

III. Neither the individually named Children's nor GAO's standing is properly considered in this interlocutory appeal. Issues that need not be decided to resolve an immunity claim do not justify the exercise of pendent jurisdiction and immunity and standing are not inextricably intertwined. Defendants cannot create pendent jurisdiction by attempting to link the two through the same substantive arguments. Permitting such an approach would eviscerate the collateral order doctrine.

IV. The Court should not exercise pendent jurisdiction to review the sufficiency of the Children's Medicaid Act, ADA, and Rehabilitation Act claims. Application

of *Ex parte Young* does not require consideration of the sufficiency of the Medicaid and ADA claims, and because the Court need not reach abrogation, it likewise need not reach the sufficiency of the ADA claims. Defendants do not claim immunity from the Rehabilitation Act claim, and dismissing that claim due to its parallel construction with the ADA is procedurally improper. Enlarging the scope of this interlocutory appeal to upend settled law and impose new pleading requirements would starkly contravene the collateral order doctrine.

## ARGUMENT

### I. The *Ex parte Young* Exception to Sovereign Immunity Permits the Children's Claims for Prospective Injunctive Relief Under the Medicaid Act and the ADA.

The district court correctly concluded that the Children's claims for prospective injunctive relief fall within the *Ex parte Young* exception to sovereign immunity. Defendants identify no insufficiency in the Complaint's allegations and no error in the district court's analysis apart from their contention that the named state officials lack sufficient enforcement authority because they do not initially make individual service recommendations or medical necessity determinations and cannot compel others to do so. *See* Appellants' Br. 30-37. But in other Medicaid cases, including cases decided by this Court, they recognize and affirm their authority to review, revise, approve, and deny the appropriateness of these initial medical necessity decisions. *See, e.g.*, *M.H. ex rel. Lynah v. Comm'r of Ga. Dep't of*

*Cmty. Health*, 111 F.4th 1301, 1311 (11th Cir. 2024) (Pryor, J.); *Moore ex rel. Moore v. Reese*, 637 F.3d 1220 (11th Cir. 2011). Defendants ignore the relevance of these contrary authorities. *See* Appellants' Br. 30-37; *cf.* Order 38-48. Instead, their arguments improperly recast merits-based questions concerning causation and ultimate liability as challenges to the Defendants' authority under *Ex parte Young*. *See* Appellants' Br. 32-37. Those arguments do not defeat the district court's application of *Ex parte Young* and are not properly before the Court in this interlocutory appeal. The Court should reject Defendants' challenge and remand the case for further proceedings on the merits.

A. <u>The Complaint satisfies the established *Ex parte Young* standard.</u>

The district court correctly followed binding and persuasive authority holding that *Ex parte Young* permits claims against state officials in their official capacities for prospective injunctive relief to remedy ongoing violations of federal law. *See* Order 41-45. With respect to the Medicaid Act, this Court has held that an action seeking to enjoin state officials from continuing violations of the Act "fits neatly within the *Ex parte Young* exception." *Doe 1-13 ex rel. Doe, Sr. 1-13 v. Chiles*, 136 F.3d 709, 720 (11th Cir. 1998). In very similar cases filed against the same or similar state defendants and seeking similar systemic relief, courts around the country have also concluded that *Ex parte Young* applies. *See, e.g.*, *Antrican v. Odom*, 290 F.3d 178, 191 (4th Cir. 2002) (holding that an action against state officials for the denial

of dental care prescribed by the Medicaid Act fell within the *Ex parte Young* exception); *Rosie D. ex rel. John D. v. Swift*, 310 F.3d 230, 238 (1st Cir. 2002) (holding that the Eleventh Amendment does not protect state officials from suits seeking prospective relief under the Medicaid Act). The same principle applies to claims for prospective injunctive relief under Title II of the ADA. *See* Order 42-43; *Miller v. King*, 384 F.3d 1248, 1264 (11th Cir. 2004) (holding "Eleventh Amendment does not bar ADA suits under Title II for prospective injunctive relief against state officials in their official capacities"), *vacated and superseded on other grounds*, 449 F.3d 1149 (11th Cir. 2006); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004) ("join[ing] the Second, Sixth, Seventh, Eighth, and Ninth Circuits in holding that Plaintiffs' *Ex parte Young* suit to enforce Title II [of the ADA could] proceed"). To accept Defendants' novel argument would upend decades of established Medicaid decisions and discrimination law.

B. <u>Defendants' contention that they lack enforcement authority concerns the merits of the Children's claims not their jurisdictional connection to the challenged conduct</u>.

The district court also correctly applied established legal standards when determining that the requisite connection between a state official and the challenged conduct exists to find Defendants had enforcement authority. *Ex parte Young* requires only that the official have "some connection with the enforcement" of the challenged law or conduct. *Ex parte Young*, 209 U.S. at 157 ("The fact that the state

officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists.”). This Court has similarly held that *Ex parte Young* permits actions against state officials when they are “‘responsible for’ a challenged action and have ‘some connection’ to the unconstitutional act at issue.” *Women’s Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003) (citing *Luckey v. Harris*, 860 F.2d 1012, 1015-16 (11th Cir. 1988)).

Applying that standard, the district court correctly concluded that the named officials possess the requisite enforcement authority because they lead the state agencies responsible for administering, operationalizing, and facilitating delivery of behavioral health services to Medicaid-eligible children in Georgia, including through clinical assessments, referrals, service authorizations, service delivery, and discharge planning for those in institutional or other out-of-home placements. *See* Order 43-45. The district court found that Defendant state officials have statutory authority to direct and oversee their agencies’ operations, administer mental-health services, and to ensure that children in state custody receive care and services in compliance with federal law. *Id*. Those responsibilities adequately establish the connection required by *Ex parte Young* for the Children’s Medicaid and ADA claims. *See id*.

Defendants' contrary argument improperly conflates the *Ex parte Young* inquiry with the merits of the Children's claims. Defendants contend that they lack enforcement authority because they do not make individual service recommendations or medical necessity determinations in the first instance and do not personally make every individual placement decision.[6] *See* Appellants' Br. 30-37. Those determinations may be made by medical professionals or other agency personnel without negating Defendants' authority to review, approve, or deny them or Defendants' statutory responsibility to direct and administer the service delivery systems. Defendants do not deny that they are statutorily empowered to make medically necessary services available to Medicaid-eligible children in Georgia, or that together they are responsible for ensuring and overseeing the implementation and delivery of behavioral health services at issue in this action. Whether Defendants' actions and inactions caused the alleged violations, and whether they

[6] Defendants' argument mischaracterizes the Children's claims and the class-wide systemic relief they seek. None of the Children ask Defendants to prescribe services on their behalf. As the district court concluded, the Children allege that their need for and ability to benefit from such services have already been the subject of individual treatment recommendations. *See* Order 28, 73-75. Rather, the Children seek relief from Defendants' failure to make available the range of intensive home and community-based services necessary to treat their conditions and prevent their unnecessary institutionalization. Defendants' misdirection of responsibility for the systemic harms the Children have alleged is not a question of enforcement authority, it is a question of responsibility for the systemic violations of federal law alleged by the Children that properly can be resolved only on a fully developed factual record.

are ultimately liable under the Medicaid Act or ADA, are issues for merits litigation, *not* jurisdictional questions concerning the applicability of *Ex parte Young*.

The district court thus correctly rejected Defendants' medical necessity argument after reviewing the allegations in the Complaint. *See* Order 28, 30-31, 61-66, 70 n.24. The Complaint alleges that the Children and putative class members were denied medically necessary home- and community-based services recommended by medical professionals. *See* Compl. ¶¶ 24-33, 36-37, 39-43, 47, 49-50, 52-54, 57, 59, 61-64; Order 63-66. The district court thus correctly concluded that the allegations were more than sufficient to meet minimum pleading standards at the motion to dismiss stage. *Id*. at 65 ("a complaint clearly alleging that services are medically necessary need not include each and every specific doctor's referral"). The Eleventh Circuit reached the same conclusion in cases Defendants cite. *See, e.g.*, Appellants' Br. 31 (citing *Moore,* 637 F.3d 1220), 41 (citing *M.H.*, 111 F.4th 1301).

Defendants similarly mischaracterize the Children's ADA claims. The ADA claims do not seek to compel Georgia to create new Medicaid benefits. *Compare* Appellants' Br. 35, *with* Compl. ¶¶ 139, 156-60, 164-70, 175-76, 179, 181, 223, *and* Order 88 (finding Defendants simultaneously characterize the Remedial Services as "both novel and redundant"); *see generally* Order 87-89, 93 (rejecting Defendants' "new benefits" arguments). The Medicaid Act claims seek coverage of medically necessary Remedial Services through the existing Medicaid program, while the

ADA claims seek reasonable modifications to existing service systems and the administration of those systems in a manner that does not unnecessarily institutionalize the Children. *See id.* The Children seek prospective relief requiring Defendants to administer their programs in compliance with the ADA by connecting the Children to services in integrated settings rather than continued over-reliance on unnecessary institutional placements. *See* Compl. ¶¶ 8-12, 14, 16, 203, 221-23; Order 43-45.

Thus, it is immaterial that some state officials cannot independently amend Georgia's Medicaid plan or do not personally make routine service or placement decisions. *See* Appellants' Br. 35; Order 44-45. The relevant question is whether those officials possess the authority and responsibility to administer the programs and services at issue in a manner that does not subject the Children to avoidable or prolonged institutionalization and out-of-home placement in violation of the ADA. The Complaint adequately alleges that they do. Compl. ¶¶ 71-79, 115-19, 122-28, 133-34. And Defendants do not deny that they are statutorily authorized and required to direct the operation of those programs and services. *See* Order 44-45. That is precisely the prospective compliance with federal law that the Children seek to compel.

Defendants do not meaningfully address the authorities relied upon by the district court in applying *Ex parte Young* to Title II ADA claims, which uniformly

support its decision. *See* Order 42-43 (collecting circuit court cases applying *Ex parte Young* to Title II claims). Instead, they cite a single decision without explaining how it applies to the claims asserted here. *See* Appellants' Br. 37. That passing reference provides no basis to disturb the district court's well-supported ruling and the legion of cases holding that challenges to a State's administration of its Medicaid services seeking only prospective injunctive relief are properly within the *Ex parte Young* exception to sovereign immunity. The Court should affirm the district court's application of *Ex parte Young* to the Children's claims under the Medicaid Act and ADA and remand the case for further proceedings on the merits.

## II. Because *Ex parte Young* Permits the Children's ADA Claims for Prospective Injunctive Relief, the Court Need Not Decide Whether Congress Abrogated Sovereign Immunity Under Title II of the ADA.

Because *Ex parte Young* permits the Children's claims for prospective injunctive relief under the Medicaid Act and ADA to proceed, the district court did not need to decide whether Title II of the ADA independently abrogates sovereign immunity. *See* Order 38-39. This Court likewise need not reach that question.

The Supreme Court has recognized that where *Ex parte Young* permits a claim, as those here, for prospective relief against state officials to proceed, the separate question whether sovereign immunity was waived or abrogated need not be resolved. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("Whether the Commission waived its immunity is another question we need not

decide, because . . . even absent waiver, Verizon may proceed against the individual commissioners in their official capacities, pursuant to the doctrine of *Ex parte Young*"); *see also Yelapi v. DeSantis*, 525 F. Supp. 3d 1371, 1380-81 (N.D. Fla. 2021) (applying *Verizon* and declining to conduct an abrogation analysis because *Ex parte Young* applied); *Yelapi v. DeSantis*, No. 4:20-cv-351-AW-MAF, 2023 WL 6389652 (N.D. Fla. Aug. 25, 2023), *appeal dismissed*, No. 23-13103-CC, 2024 WL 1235396 (11th Cir. Feb. 12, 2024) (granting motion to dismiss appeal from grant of post-discovery summary judgment to defendants); *cf. Nat'l Ass'n of the Deaf v. Florida*, 980 F.3d 763, 774 (11th Cir. 2020) (considering abrogation only with respect to Title II damages claims and considering only the applicability of *Ex parte Young* to claims for injunctive relief); *Miller*, 384 F.3d at 1264 (applying only *Ex parte Young* to ADA claim); *McCarthy*, 381 F.3d at 414 (holding *Ex parte Young* sufficient for ADA claim to proceed).

Nevertheless, Defendants urge the Court to bypass the district court's *Ex parte Young* analysis and decide the ADA abrogation question for the first time on appeal. *See* Appellants' Br. 35; *but see* Order 38-48. That request is contrary to the rule limiting appellate consideration to issues decided by the district court. *See, e.g.*, *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355 (11th Cir. 1984) (limiting the circumstances in which an appellate court "is justified in resolving an issue not passed on below" (citation omitted)). Because *Ex parte Young* provides a complete

and sufficient basis for the Children's claims for prospective relief to proceed, there is no need to reach the separate question of ADA abrogation.

The sole decision Defendants cite in support of their request, *Babcock v. Michigan*, does not support a different result. 812 F.3d 531, 541 (6th Cir. 2016); *see* Appellants' Br. 35. In *Babcock*, the court concluded that the plaintiff had not pleaded "a service, program, or activity administered [by defendant] from which she was excluded or denied benefits," rendering the application of *Ex parte Young* inappropriate. *Babcock*, 812 F.3d at 541. Here, by contrast, the Complaint clearly includes these allegations, *see* Compl. ¶¶ 1, 3, 16-17, 19, 21, 71-79, 115-34, 203, 205, 208, 217, 224, 232, 238-39, and the district court correctly concluded that the Children sufficiently alleged an ongoing violation of federal law and that the named officials possess the requisite connection to the programs and services at issue. *See* Order 42-45. Thus, *Babcock* provides no reason to undertake the unnecessary abrogation analysis Defendants request.

Moreover, Defendants' abrogation argument rests on the same mischaracterization of the ADA claims rejected by the district court: that the Children seek new entitlement benefits. *See* Order 88; *see also* Order 77-78, 87-90, 93 (examining ADA claims). This mischaracterization fails for the reasons set forth above. *See* Section I, *supra*, at 3 (fundamental alteration), 12-13 (nature of claims and enforcement authority).

Because *Ex parte Young* independently permits the Children's claims for prospective injunctive relief to proceed, the Court need not decide whether Congress abrogated sovereign immunity under Title II. Nor should Defendants be permitted to raise an unnecessary and improper abrogation argument to obtain interlocutory review of their Rule 12(b)(6) arguments concerning the sufficiency of the ADA claims. As discussed in Section IV, *infra*, the availability of *Ex parte Young* confirms that there is no basis for reviewing the merits of the Children's ADA claims in this interlocutory appeal. The Court should affirm the district court's application of *Ex parte Young* and remand the case for further proceedings.

### III. No Issue Concerning the Children's Standing Is Properly Before the Court in this Interlocutory Appeal.

In a further effort to expand the scope of this appeal, Defendants challenge the individually named Children's and GAO's[7] standing; neither is properly before the Court.[8] The exercise of pendent jurisdiction "is only proper in rare and unique circumstances where a final appealable order is inextricably intertwined with an

---

[7] Defendants' challenge to GAO's standing rests entirely on its challenge to the individually named Children's standing. *See* Appellants' Br. 42. GAO's standing is not separately addressed here. The district court correctly applied binding authority to the Children's standing and rejected Defendants' position. *See* Order 25-31.

[8] The Children incorporate the arguments and authorities in their response to the Court's jurisdictional question as if fully set forth here. *See* Appellees' JQ Resp. 5-6, Dkt. No. 31; Order 2 (July 14, 2026), Dkt. No. 49-2 ("In their remaining merits briefs, the parties are not required to discuss these jurisdictional issues in great detail, but they may address them as they deem necessary or appropriate.").

unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order." *Aguirre v. Seminole Cnty.*, 158 F.4th 1276, 1293-94 (11th Cir. 2025) (citation omitted)), *reh'g and reh'g en banc denied by* No. 23-10811, 2026 WL 658991 (11th Cir. Jan. 22, 2026), *pet. for cert. filed*, No. 25-1341 (U.S. June 1, 2026).

This Court has repeatedly concluded that immunity and standing are not inextricably intertwined. *See, e.g.*, *Freyre*, 910 F.3d at 1378 (following *Summit Medical Associates* in declining to exercise pendent jurisdiction because the "purely legal question" of whether the district court correctly denied "Eleventh Amendment immunity has nothing to do with whether Freyre has demonstrated standing to pursue her associational ADA claim," and, thus, the issues were not "inextricably intertwined");[9] *Summit Med. Assocs.,* 180 F.3d at 1334 (declining to exercise pendent jurisdiction because immunity question could be resolved without reaching merits of standing challenge); *see also Curling v. Sec'y of Georgia*, 761 F. App'x. 927, 934-35 (11th Cir. 2019) (standing and immunity not intertwined for purposes of pendent jurisdiction).

[9] The *Freyre* court emphasized that interlocutory review of standing would be improper irrespective of its resolution of the immunity issue. "[W]e [previously] suggested that Freyre's claims . . . would be reviewable under our pendent appellate jurisdiction if, but only if, we reached the question of abrogation. We write now to clarify that these issues—*i.e.*, the question of immunity and the merits issues raised by both parties on appeal—would not be inextricably intertwined even if we were to reach the question of abrogation." *Id.*, 910 F.3d at 1379-80.

Defendants offer no basis to diverge from this precedent. As noted above, Defendants' reliance on the same argument to challenge standing and invoke immunity cannot manufacture pendent jurisdiction. *See* Appellants' Br. 37 ("Plaintiffs cannot show traceability and redressability for the same reason sovereign immunity bars their claims," namely, Defendants do not make medical necessity determinations). If the intertwinement of questions presented on appeal were measured by the parties' answers (*i.e.*, substantive arguments), pendent jurisdiction could be created by artful framing and the collateral order doctrine would be eviscerated. The Eleventh Circuit's jurisprudence bars this result; the standard for pendent jurisdiction in interlocutory appeals is governed by the questions posed and not the answers. *See Freyre*, 910 F.3d at 1379 (declining to exercise pendent jurisdiction "because the two *questions* were not inextricably intertwined" (emphasis added)). The district court's ruling should be affirmed.

## IV. The Court Lacks Pendent Jurisdiction Over Defendants' Rule 12(b)(6) Challenges Because They Are Neither Necessary to Resolve the Immunity Question Nor Inextricably Intertwined with It.

The same principles that foreclose interlocutory review of standing foreclose review of Defendants' Rule 12(b)(6) challenges to the Children's Medicaid Act, ADA, and Rehabilitation Act claims. *See* Sec. III, *supra*, at 21-22 (application of legal standard for pendent jurisdiction in interlocutory appeal); *see also GEO Group*, 607 U.S. at 443-46; *Summit Med. Assocs.*, 180 F.3d at 1336-42; *Jones v. Fransen*,

857 F.3d 843, 850 (11th Cir. 2017) (declining to exercise pendent jurisdiction to review denial of motion to dismiss where "wholly separate issue of whether [] County had a policy, custom or practice" required for municipal-liability claim was not "inextricably intertwined with claims of qualified, sovereign, or official immunity").

The Court need not determine whether the Children's claims are sufficiently pleaded to resolve the reviewable sovereign immunity question, *see* Sec. I, *supra*, at 10-17 (*Ex parte Young*); Sec. II, *supra*, at 17-20 (abrogation), and the pleading sufficiency questions Defendants raise only reinforce the conclusion that they are not inextricably intertwined with immunity. In fact, Defendants' pleading sufficiency arguments confirm that exercising pendent jurisdiction to consider them would violate well-settled law on the limited nature of interlocutory review. *Cf.* Order 1-2, 18 n.12, 76 n.27, 82 n.30, 84 n.32. As with standing, Defendants reliance on some of the same substantive arguments to challenge both immunity and pleading sufficiency cannot create pendent jurisdiction where none otherwise exists.

First, Defendants urge the Court to direct dismissal of the Children's Medicaid Act claims, arguing that "[the Children] never alleged that any provider prescribed the Remedial Services they demand as medically necessary." Appellants' Br. 45-46. This is incorrect. *See* Compl. ¶¶ 28, 40, 50, 52, 62 (alleging clinical referrals of each Plaintiff for specific services); *see also* Compl. ¶¶ 2, 12, 13, 163, 188, 216, 222

(alleging Plaintiffs denied necessary services recommended by medical professionals); Order 64 ("each Plaintiff *has in fact* alleged that treatment professionals or clinicians referred them to some form of Remedial Services or the closest version of a Remedial Service that Georgia offered"); *cf.* Order 30-31, 61-66, 70 n.24 (medical necessity allegations examined). Nevertheless, Defendants urge this Court to apply a new pleading standard never endorsed by Eleventh Circuit courts. *See* Order 65 ("[A] complaint clearly alleging that services are medically necessary need not include each and every specific doctor's referral. Defendant [Burke]'s attempt to invent a new pleading requirement—based on no legal authority and in contravention of the Rule 8 pleading standard—falls flat."); *cf.* Appellants' Br. 43-46. Defendants' argument is not only factually and legally unfounded, it provides no justification for interlocutory review of the pleading sufficiency of the Children's Medicaid Act claims.

Second, Defendants urge the Court to take the procedurally improper step of directing dismissal of the Children's Rehabilitation Act claim, from which they concede they are not immune, simply because it is construed co-extensively with the Children's ADA claims by courts when assessing the merits. *See* Appellants' Br. 46; *cf.* Appellants' Br. 16-30 (asserting sovereign immunity bars the Medicaid and ADA claims but not Rehabilitation Act claim). The Court should decline to exercise

pendent jurisdiction to dispose of a claim whose sufficiency Defendants did not independently challenge.

Last, Defendants urge this Court to dismiss the Children's ADA claims on behalf of a subset of children who remain at serious risk of repeated and unnecessary institutionalization based on the Fifth Circuit's minority ruling in *United States v. Mississippi*. *Id.*, 82 F.4th 387, 392-95, 400 (5th Cir. 2023); *see* Appellants' Br. 24-27 (citing *Mississippi*, 82 F.4th 387); *but see* Order 71-84, 79 n.28.[10] As the district court observed, Defendants' argument ignores Eleventh Circuit courts' agreement with "[s]ix of the seven appeals court[s] to have considered such "at-risk" claims." Order 80, 80 n.29. And now this Court has reaffirmed its view and rejected the Fifth Circuit's holding concerning the scope of the ADA's integration mandate. *United States v. Florida*, 172 F.4th at 1229-1236. Defendants ask this Court to disregard the same well-established legal precedent. *See* Appellants' Br. 25-27. Below, as the district court noted, Defendants "made no argument as to why [the district court]

[10] After the district court issued its Order, the Eleventh Circuit affirmed the liability ruling in *United States v. Florida*. *See id.*, 172 F.4th 1201, 1224-29 (11th Cir. 2026) (rejecting Fifth Circuit's conclusions in *United States v. Mississippi*, and holding that Title II of the ADA forbids placing qualified individuals with disabilities at risk of unnecessary institutionalization). Thereafter, Florida sought *en banc* review. *See* Pet. for Rehearing (May 29, 2026), *United States v. Florida*, No. 23-12331, Dkt. No. 84. The Eleventh Circuit has not yet ruled on Florida's petition. The *Florida* case was decided only after discovery and substantive motions. Defendants attempt to deprive Georgia's children of this opportunity. Because the merits of Plaintiffs' claims are not properly considered in this interlocutory appeal, the resolution of Florida's rehearing petition does not affect this Court's analysis.

should follow the [Fifth Circuit's] minority analysis instead of the robust consensus" and its own precedents. Order 80.[11]

Relatedly, Defendants' sufficiency challenge to the Children's *Olmstead* claims urges the Court to impose pleading standards that the Eleventh Circuit has rejected. *See* Appellants' Br. 23-25 (appropriateness and non-opposition); *but see* Order 72-77 (appropriateness and non-opposition allegations deemed sufficient to state *Olmstead* claim); *compare United States v. Florida*, 172 F.4th at 1229-36 (defining *Olmstead*'s appropriateness and non-opposition prongs). Contrary to Defendants' insistence, this Circuit's construction of *Olmstead*'s appropriateness prong does not require that *the State's* (rather than the Children's and GAO's constituents') treatment professionals recommend community-placement. *Id.* at 1230-31. Nor does the Eleventh Circuit require that parents demonstrate non-opposition by accepting community treatment *without* the services needed to sustain their children at home. *Id.* at 1233. (*Olmstead*'s non-opposition prong). Rather, a meaningful and informed choice requires real options for, and access to, appropriate community-based services. *Id.* As such, Defendants' *Olmstead* challenge would

[11] *Compare* Defs.' Mem. in Supp. of Mot. to Dismiss 48-49 (Mar. 4, 2024), D.C. Dkt. No. 32-1 (at-risk challenge), *with* Appellants' Br. 25-27 (same); *see also Akanthos Cap. Mgmt., LLC v. CompuCredit Holdings Corp.*, 677 F.3d 1286 (11th Cir. 2012) (issues must be fully developed below to avoid prejudice to parties and promote judicial economy).

require this Court to change the applicable standard. Again, the Court should decline to exercise pendent appellate jurisdiction to do so.

Defendants' Medicaid Act, Rehabilitation Act, ADA at-risk, and *Olmstead* arguments illustrate their jurisdictional defect: they simply do not implicate the *Ex parte Young* immunity question, and none become inextricably intertwined with that question merely because Defendants have used these arguments to support their immunity position. The Court should therefore decline to exercise pendent jurisdiction over Defendants' 12(b)(6) challenges.

**CONCLUSION**

For the foregoing reasons, the Court should affirm and remand for further proceedings.

Dated: August 13, 2026

Respectfully submitted,

*/s/ Devon Orland*
Devon Orland
Georgia Bar No. 554301
GEORGIA ADVOCACY OFFICE
One West Court Square, Suite 625
Decatur, GA 30030
Tel: (404) 885-1234
dorland@thegao.org

*/s/ M. Geron Gadd*
M. Geron Gadd
Alabama Bar No. ASB-0601-J98S
Jane Perkins
North Carolina Bar No. 9993
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin Street, Suite 110

*/s/ D. Clay Holloway*
D. Clay Holloway
Georgia Bar No. 363296
James F. Bogan III
Georgia Bar No. 065220
Alfred S. Lurey
Georgia Bar No. 461500
KILPATRICK TOWNSEND & STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 815-6500
Fax: (404) 815-6555
cholloway@kilpatricktownsend.com
jbogan@ktslaw.com
alurey@ktslaw.com

Chapel Hill, NC 27514
Tel: (984) 278-7660
Fax: (919) 968-8855
gadd@healthlaw.org
perkins@healthlaw.org

Kimberly Lewis*
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
Tel: (310) 204-6010
Fax: (213) 368-0774
lewis@healthlaw.org

*/s/ Cathy E. Costanzo*
Cathy E. Costanzo*
Kathryn L. Rucker*
Mona Igram*
CENTER FOR PUBLIC REPRESENTATION
5 Ferry Street, Suite 314
Easthampton, MA 01027
Tel: (413) 586-6024
Fax: (413) 586-5711
ccostanzo@cpr-ma.org
krucker@cpr-ma.org
migram@cpr-ma.org

*appearing *pro hac vice*

*/s/ Michele Floyd*
Michele Floyd*
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA USA 94111
Tel: (415) 576-0200
Fax: (415) 576-0300
mfloyd@ktslaw.com

*/s/ Zeke Van Keuren*
Zeke Van Keuren
Georgia Bar No. 332582
DUANE MORRIS LLP
1075 Peachtree Street, NE, Suite 1700
Atlanta, GA 30309
Tel: (404) 253-6912
Fax: (404) 253-6901
klucas@duanemorris.com
zvankeuren@duanemorris.com

*Counsel for Plaintiffs-Appellees*
*Isaac A., Zack B., Leon C., Samuel D.,*
*and the Georgia Advocacy Office*

## L.R. 7.1(D) CERTIFICATION

I certify that Brief of Plaintiffs-Appellees has been prepared with one of the fonts and point selections approved by the Court in Local Rule 5.1(C). Specifically, this document has been prepared using 14-pt Times New Roman Font on this 13th day of August, 2026.

*/s/* M. Geron Gadd
M. Geron Gadd

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 13th day of August, 2026.

*/s/* M. Geron Gadd
M. Geron Gadd